JjKLIEBERT, Chief Judge.
Defendant Brian Benvenuti pled guilty to three counts of simple burglary of an inhabited dwelling, violations of LSA-R.S. 14:62.2. He was sentenced on each count to eight years at hard labor, with the first year to be served without benefit of parole, probation, or suspension of sentence, with the sentences to run concurrently. Subsequently, the state filed a multiple offender bill, seeking to enhance defendant’s sentence based upon his status as a second felony offender. After a hearing, the trial court adjudicated defendant as a multiple offender. The trial court sentenced defendant to ten years at hard labor, the first five years without benefit of probation, parole, or suspension of sentence. Defendant now appeals, urging that the sentence imposed was contrary to the terms of his plea agreement. Also assigned as error are any errors patent on the face of the record. For the following reasons, we vacate defendant’s sentence, and remand to the trial court for resentencing.
Defendant was charged with three simple burglaries of residences within an eight day period, all in violation of LSA-R.S. 14:16.2. Two of the offenses occurred at the same home.
Defendant’s plea agreement shows that the sentence agreed upon by him and the state *458 was for ten years at hard labor on each count, |2the first year to be served without benefit of parole, probation, or suspension of sentence, and the sentences to run concurrently.
The transcript of the Boykin examination and guilty plea for the simple burglary offenses indicates that the trial judge, the late Judge Hubert Vondenstein, specifically questioned defendant about his understanding of the plea agreement. He also told defendant about the sentence to be imposed if he were found guilty on a multiple offender bill of information. At the conclusion of the sentencing, the assistant district attorney filed an oral multiple offender bill, to which defendant pled not guilty. Thereafter, the state filed a written multiple offender bill of information, alleging defendant had a prior conviction in 1992 for felony theft. After an habitual offender hearing, Judge Pro Tem-pore Douglas Allen found defendant guilty on the multiple offender bill. He sentenced defendant to ten years at hard labor, with the first five years without benefit of parole, probation, or suspension of sentence.
Defendant’s plea agreement shows that the agreed upon sentence was for only the first year of the ten year concurrent sentences to be served without benefit of parole, probation, or suspension of sentence. At the defendant’s Boykin examination, Judge Von-denstein did not state exactly how many years of defendant’s sentence would be served without benefits.
In brief, the state concedes that the defendant should have been sentenced according to the plea agreement in the record.
Our review of the record indicates the following errors patent. The minute entry and commitment form reflect that the trial court ordered that the sentence, imposed after the multiple offender adjudication, be served concurrently and ordered that defendant be given credit for time served. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Thus, the sentencing judge erred in failing to give defendant credit for time served.
IsAccordingly, we vacate defendant’s sentence and remand to the trial court for resen-tencing in compliance with the views expressed herein.

ORIGINAL SENTENCE VACATED; REMANDED FOR RESENTENCING.